1   JAMES M. PETERSON (Bar No. 137837)
    peterson@higgslaw.com
2   GEOFFREY M. THORNE (Bar No. 284740)
    thorneg@higgslaw.com
3   HIGGS FLETCHER & MACK LLP
    401 West A Street, Suite 2600
4   San Diego, CA 92101-7910
    Telephone: (619) 236-1551
5   Facsimile: (619) 696-1410

6   Attorneys for Defendants
    O'REILLY AUTO ENTERPRISES, LLC and
7   EMANUEL RIOS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICARDO FERNANDEZ, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>O'REILLY AUTO ENTERPRISES, LLC, a Delaware limited liability company; EMANUEL RIOS, an individual; and DOES 1 through 25, inclusive,<br><br>    Defendants. | CASE NO.: _____<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441(B) (DIVERSITY)**<br><br>**[DEMAND FOR JURY TRIAL]**<br><br>CASE FILED: December 1, 2021 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that Defendant O'REILLY AUTO ENTERPRISES, LLC ("O'Reilly") hereby removes this action from the Superior Court of the State of California, County of San Luis Obispo, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1332, 1441 and 1446. This case is being removed upon grounds of diversity jurisdiction based on the allegations of Plaintiff RICARDO FERNANDEZ ("Plaintiff").

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

10734301.1

CASE NO.:
NOTICE OF REMOVAL

# I.

## STATEMENT OF THE CASE

1. On December 1, 2021, Plaintiff filed a lawsuit in the Superior Court of the State of California, County of San Luis Obispo, entitled *Ricardo Fernandez v. O'Reilly Auto Enterprises, LLC, et al.*, Case No. 21CVP-0301. (Thorne Decl., ¶ 2.)

2. In his Complaint, Plaintiff asserts causes of action for disability and medical condition discrimination (Cal. Govt. Code § 12940(k)), failure to prevent discrimination (Cal. Govt. Code § 12940(k)), failure to reasonably accommodate (Cal. Govt. Code § 12940(m)), retaliation (Cal. Govt. Code § 12940(m)), wrongful termination in violation of public policy, and unfair business practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*). A copy of Plaintiff's December 1, 2021 Complaint is attached hereto as "**Exhibit A**."

3. O'Reilly was served with process on its registered agent on December 9, 2021. (Thorne Decl., ¶ 3.)

4. A copy of the Summons, Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference, Standing Case Management Order for Cases Assigned to the Hon. Hernaldo J. Baltodano, and Civil Case Management Policy (constituting all documents served on O'Reilly together with the Complaint) are attached hereto as "**Exhibit B**."

5. On January 7, 2022, O'Reilly filed an Answer to Plaintiff's Complaint in the San Luis Obispo Superior Court. A copy of O'Reilly's Answer is attached hereto as "**Exhibit C**" (a conformed copy was not yet available).

6. In accordance with 28 U.S.C. section 1446(a), a copy of all process and pleadings served by, or on, O'Reilly are attached hereto as Exhibit A [Complaint], Exhibit B [Service Documents], and Exhibit C [Answer].

/ / /

/ / /

Higgs Fletcher & Mack LLP
Attorneys at Law
San Diego

- 2 -

CASE NO.:
NOTICE OF REMOVAL

10734301.1

## II.

## TIMELINESS OF REMOVAL

7. A defendant in a civil action has thirty (30) days from the date it is served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999). Where the deadline falls on a weekend, it is extended to the next day that is not a weekend or holiday. Fed. R. Civ. P. 6(a)(1).

8. In this case, O'Reilly was served on December 9, 2021. (Thorne Decl., ¶ 3.) The 30-day statutory period therefore falls on January 10, 2022 (January 9, 2022 is a Sunday), and this Notice of Removal was timely filed. See 28 U.S.C. § 1446(b).

9. Defendant EMANUEL RIOS ("Mr. Rios") was served on December 8, 2021. (Rios Decl., ¶ 3.) Mr. Rios consents to the removal of the action. (Id., ¶ 4.)

10. To O'Reilly's knowledge, no fictitious "Doe" defendants (including "Does 1 through 25") have been served in this action. As such, their consent to this removal is not required.

## III.

## BASIS FOR REMOVAL

11. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), and one which may be removed by O'Reilly pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states where the amount in controversy, as framed by the allegations in the Complaint, exceeds the sum or value of $75,000, exclusive of interests and costs.[1]

/ / /

/ / /

/ / /

---

[1] The Court should disregard Mr. Rios' presence in the analysis because he was "fraudulently" joined to defeat diversity. (¶¶ 17-22.)

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

- 3 -

CASE NO.:
NOTICE OF REMOVAL

10734301.1

### A.    Diversity of Citizenship

12. Plaintiff is a citizen of the State of California, in that he is a citizen of the United States of America who is domiciled in, and resides in, the State of California. See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983); Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Specifically, Plaintiff alleges he "is an individual who, at all relevant times alleged in this Complaint, is and was a citizen of the State of California, both residing and domiciled in the State of California, and lived and worked in or around San Luis Obispo County, California." (Ex. A, ¶ 1.)

13. For diversity purposes, a limited liability company is a citizen of "every state of which its owners / members are citizens." Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894 (9th Cir. 2006). Relatedly, a corporation is deemed to be a citizen of the state(s) where it is incorporated and where its principal place of business is located. 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 130 S. Ct. 1181, 1186 (2010).

14. Defendant O'REILLY AUTO ENTERPRISES, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Springfield, Missouri. (Merz Decl., ¶ 3.) O'Reilly has a single owner/member: Ozark Services, Inc., which is a corporation organized and existing under the laws of the State of Missouri with its principal place of business located in Springfield, Missouri. (Merz Decl., ¶ 4.)

15. At the time the action was commenced, and at the time of removal, Defendant EMANUEL RIOS is/was a citizen of, and domiciled in, the State of California. (Ex. A, ¶ 3.) However, as discussed below, the Court should disregard Mr. Rios' citizenship and domicile for removal purposes because he was "fraudulently joined."

/ / /

/ / /

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

- 4 -

CASE NO.:
NOTICE OF REMOVAL

10734301.1

16. Defendants DOES 1-25, inclusive, are unidentified as there is "no information as to who they are or where they live or their relationship to the action." It is therefore "proper for the district court to disregard them." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

### 1. Mr. Rios is a "sham" defendant.

17. Fraudulent joinder "is a term of art." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." (Id., quoting McCabe, 811 F.2d at 1339 (applying fraudulent joinder doctrine in ignoring presence of individual supervisor defendants, who could not be liable for the subject employment claims as a matter of law).) In other words, the fraudulent joinder doctrine applies where there is no possibility that a plaintiff can prove a cause of action against the resident (non-diverse) defendant in the state court action. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318-1319 (9th Cir. 1998); Carriere v. Sears, Roebuck & Co., 893 F.2d 98,101 (5th Cir. 1990) (applying fraudulent joinder doctrine where employer was sued along with non-diverse coworker, on the grounds that the coworker was immune from liability under state law absent proof of intentional misconduct).

18. This Court should disregard Mr. Rios' citizenship / domicile for purposes of removal because there is no possibility Plaintiff can state a viable cause of action against him.

### 2. Plaintiff cannot state a claim against Mr. Rios.

19. Of the six causes of action asserted by Plaintiff, the only claim alleged against Mr. Rios is for unfair business practices (Bus. & Prof. Code §§ 17200, *et seq.*). (Ex. A, p. 15 at "Sixth Cause of Action"). That cause of action is predicated on the following "facts" as framed by the Complaint: (*a*) Defendants

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

10734301.1

CASE NO.:
NOTICE OF REMOVAL

discriminated against Plaintiff based on a physical disability and medical condition, (*b*) Defendants failed to prevent discrimination against Plaintiff based on a physical disability and medical condition, (*c*) Defendants failed to reasonably accommodate Plaintiff's physical disability and medical condition, and (*d*) Defendants retaliated against Plaintiff after he requested an accommodation for his physical disability and medical condition.  (Id., ¶ 77.)  Even if true (which Defendants adamantly deny), none of the claimed acts subject Mr. Rios to liability as a matter of law.

20. It is well-settled that individual defendants (*i.e.*, supervisors) cannot be held liable on causes of action under the FEHA for **discrimination** (Reno v. Baird, 18 Cal.4th 640, 663 (Cal. 1998) (" … we conclude that individuals who do not themselves qualify as employers may not be sued under the FEHA for alleged discriminatory acts")), **failure to prevent discrimination** (Northrop Grumman Corp. v. Workers' Comp. Appeals Bd. (Cal. 2002) 103 Cal.App.4th 1021, 1035 ("The employer's duty to prevent harassment and discrimination is affirmative and mandatory."); M.F. v. Pacific Pearl Hotel Management LLC (2017) 16 Cal.App.5th 693, 701 ("Once an employer is informed of the sexual harassment, the employer must take adequate remedial measures."); CACI No. 2527 (prima facie case requires plaintiff to prove defendant was an employer or other covered entity), **failure to accommodate** (Cal. Gov. Code § 12940(m) (violation of the FEHA "[f]or an employer or other covered entity … to fail to make reasonable accommodations); CACI 2541 (prima facie case requires plaintiff to prove defendant was an employer or other covered entity)), or **retaliation** (Jones v. Lodge at Torrey Pines Partnership, 42 Cal.4th 1158, 1173-1174 (Cal. 2008) (" … we conclude that the employer is liable for retaliation under [the FEHA], but nonemployer individuals are not personally liable for their role in that retaliation).  Similarly, only employers can be liable for wrongful termination claims.  Miklosy v. Regents of Univ. of Cal., 44 Cal.4th 876, 900 (Cal. 2008) ("An individual who

- 6 -

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

CASE NO.:
NOTICE OF REMOVAL

10734301.1

is not an employer cannot commit the tort of wrongful discharge in violation of public policy; rather, he or she can only be the agent by which an employer commits that tort.").

21.  Given that Mr. Rios cannot be liable for any of the charging allegations in the Complaint as a matter of law, Plaintiff cannot state a claim against Mr. Rios for unfair business practices.  Thus, the Court should not consider Mr. Rios' residency / domicile for purposes of the analysis.

22.  Accordingly, diversity of citizenship exists because Plaintiff (California) is a not citizen of the same state as O'Reilly (Delaware / Missouri). 28 U.S.C. §§ 1332(a)(1), 1441(b)(2).

**B.     Amount in Controversy**

23.  For purposes of diversity jurisdiction, when a complaint is unclear and does not specify "a total amount in controversy," the jurisdictional minimum may be satisfied by claims for compensatory and general damages, attorney's fees, and punitive damages.  Simmons v. PCR Technology, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002), quoting Conrad Assoc. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998); see also Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir. 2007).

24.  Plaintiff seeks money damages for general, special, pecuniary and punitive damages.  (Ex. A, at "Prayer for Relief.")  Plaintiff did not allege in the Complaint, and it is unknown to O'Reilly, the economic damages (i.e., back pay and front pay [Id., ¶ 34]) he allegedly lost as a result of the complained of conduct.  However, it is alleged Plaintiff was paid $15.00 per hour (Id., ¶ 10), worked 3-4 shifts per week that were "mostly 9-hour shifts" (Id., ¶ 15), and did so until September 1, 2021 when he was place on a one-year unpaid leave of absence (Id., ¶ 25).  Based on the allegations, Plaintiff's damages for loss of income / earnings totals **~ $8,500** ($15.00 [regular rate of pay] **x** 9 hours [conservative] **x** 3.5 [average of 3-4 workdays per week] **x** 18 weeks [September 1, 2021 to

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

- 7 -

CASE NO.:
NOTICE OF REMOVAL

10734301.1

January 7, 2022] = $8,505). In addition, given that the trial date has not yet been set, and because it is unknown whether Plaintiff will have returned to work / secured new work, additional lost income and earnings may accrue.

25. Plaintiff also claims money damages for emotional distress and general damages. (Ex. A, ¶¶ 34, 43, 54, 62, 71 and at "Prayer for Relief.") See Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may properly be factored into the jurisdictional analysis for purposes of removal); see also Richmond v. Allstate Ins. Co., 897 F.Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, even where vaguely pled, can be potentially substantial).

26. Plaintiff also seeks punitive damages on his causes of action. (Ex. A, at "Prayer for Relief.") "It is well established that punitive damages are part of the amount in controversy in a civil action." Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001). Punitive damages are intended to punish and are often based upon the net worth of the defendant. The wealthier the defendant, the larger the award of exemplary damages needs to be in order to accomplish the statutory objective. Bertero v. National General Corp., 13 Cal.3d 43, 65 (Cal. 1974).

27. Where attorney's fees are recoverable by a plaintiff either through statute or contract, as the case is here (Cal. Govt. Code § 12965), the fee claim is included in determining the amount in controversy. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-1156 (9th Cir. 1988); see Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007) (stating attorney's fees are included in assessing the amount in controversy where a plaintiff seeks their recovery per an underlying statute authorizing such an award through either mandatory or discretionary language). Even in a case where the damages are relatively small, attorneys' fees can still be significant. See Simmons v. PCR Technology, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that, in the Court's twenty-plus

///

Higgs Fletcher & Mack LLP
Attorneys at Law
San Diego

- 8 -

10734301.1

CASE NO.:
NOTICE OF REMOVAL

years of experience, attorneys' fees in individual discrimination cases often exceed the damages).

28. Plaintiff seeks a monetary judgment against O'Reilly, however, Plaintiff did not expressly allege the amount in controversy on the face of the Complaint. Nevertheless, it is apparent based on the allegations that the amount in controversy in this action, exclusive of interests and costs, will exceed $75,000, assuming *arguendo* that Plaintiff is able to prevail on his claims against O'Reilly, as he seeks: (*a*) general damages, (*b*) special damages, (*c*) punitive damages, and (*d*) attorney's fees. (Ex. A, at "Prayer for Relief.")

29. As demonstrated above, the Complaint contains claims that clearly exceed the $75,000 amount in controversy requirement (indeed, his claims for economic damages, noneconomic damages, attorneys' fees, and punitive damages could each exceed the $75,000 jurisdictional requirement at the time of trial). O'Reilly does not concede Plaintiff's claims have any merit and provides the foregoing calculations and damage analysis solely to demonstrate that the amount in controversy, based on the relief sought in this action by Plaintiff, exceeds the $75,000 jurisdictional requirement. Thus, this Court has original jurisdiction over this action based on diversity of citizenship under 28 U.S.C. sections 1332(a) and 1441(a).

## IV.

## **ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET**

30. Plaintiff originally filed his complaint in the Superior Court of California, County of San Luis Obispo, which is located within the Central District of California. Therefore, venue is proper in this Court, as it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 114(a).

///

///

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

- 9 -

CASE NO.:
NOTICE OF REMOVAL

10734301.1

31. Pursuant to 28 U.S.C. § 1446(d), O'Reilly will give written notice of the removal of this action to all parties and is filing a copy of that notice with the Superior Court of California, County of San Luis Obispo.

## V.

## JURY TRIAL DEMAND

32. O'Reilly hereby demands a trial by jury on all causes so triable.

## VI.

## CONCLUSION

33. Wherefore, O'Reilly prays that the above-entitled action now pending against it in the Superior Court of California, County of San Luis Obispo, be removed to this Court.

Dated: January 7, 2022            HIGGS FLETCHER & MACK LLP

By: */s/ Geoffrey M. Thorne*
JAMES M. PETERSON
GEOFFREY M. THORNE
Attorneys for Defendants
O'REILLY AUTO ENTERPRISES, LLC and EMANUEL RIOS