# EXHIBIT A

ELECTRONICALLY
FILED
12/1/2021 11:59 AM
SAN LUIS OBISPO SUPERIOR COURT
BY: C. M. Kastner, Deputy Clerk

Allen K. Hutkin (SBN 143200)
Donald L. Mabry (SBN 187750)
HUTKIN LAW FIRM, APC
1220 Marsh Street
San Luis Obispo, CA 93401
Tel: (805) 544-1500
Fax: (805) 544-1532

*Attorneys for Plaintiff*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN LUIS OBISPO

| | |
|---|---|
| RICARDO FERNANDEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>O'REILLY AUTO ENTERPRISES, LLC, a Delaware limited liability company; EMANUEL RIOS, an individual; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 21CVP-0301<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. Discrimination - *Gov. Code* § 12940(a);<br>2. Failure to Prevent Discrimination - *Gov. Code* § 12940(k);<br>3. Failure to Reasonably Accommodate - *Gov. Code* § 12940(m)(1);<br>4. Retaliation - *Gov. Code* § 12940(m)(2);<br>5. Wrongful Termination in Violation of Public Policy;<br>6. Unfair Business Practices - *Bus. & Prof. Code* §§ 17200 *et seq.* |

Plaintiff RICARDO FERNANDEZ files this Complaint for Damages and Injunctive Relief ("Complaint") and alleges as follows:

**THE PARTIES**

1. Plaintiff RICARDO FERNANDEZ ("Plaintiff") is an individual who, at all relevant times alleged in this Complaint, is and was a citizen of the State of California,

1
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

both residing and domiciled in the State of California, and lived and worked in or around San Luis Obispo County, California.

2. Plaintiff is informed and believes, and based thereon alleges, that defendant O'REILLY AUTO ENTERPRISES, LLC ("Defendant O'REILLY AUTO ENTERPRISES") is a Delaware limited liability company, and, at all relevant times alleged in this Complaint, was authorized to do business in California and was engaged in the business of retail auto parts supply and delivery in San Luis Obispo County, and in other locations throughout California and the United States.

3. Plaintiff is informed and believes, and based thereon alleges, that defendant EMANUEL RIOS ("Defendant RIOS") is an individual who, at all relevant times alleged in this Complaint, is and was a citizen of the State of California, both residing and domiciled in the State of California, and was employed by and a managing agent of Defendant O'REILLY AUTO ENTERPRISES.

4. The true names and capacities, whether individual, corporate, or otherwise, of Defendants sued herein as DOES 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated in this Complaint as a DOE is legally responsible in some manner for the events referred to in this Complaint and caused injury and damage to Plaintiff. Plaintiff will seek leave of this Court to amend this Complaint to reflect the true names and capacities of the Defendants designated as DOES when they have been ascertained.

5. When reference is made in this Complaint to "Defendants," it shall be deemed to include Defendant O'REILLY AUTO ENTERPRISES, Defendant RIOS, and unnamed DOE defendants 1 through 25, whether acting individually, jointly, or severally.

6. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times alleged in this Complaint and with respect to all matters alleged in this

Complaint, each of the Defendants was the agent, employer, joint employer, joint venturer, co-conspirator, and alter ego of each of the remaining Defendants, and was acting within the course, scope, purpose, consent, knowledge, ratification, and authorization of such agency, employment, venture, conspiracy, and alter ego relation.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction is met in this Court because the action involves an amount in controversy exceeding $25,000.00.

8. Venue is proper in this Court because Plaintiff was employed by Defendants in the County of San Luis Obispo, State of California, the unlawful acts and practices by Defendants alleged in this Complaint occurred in the County of San Luis Obispo, State of California, Defendants were conducting business in the County of San Luis Obispo, State of California, and Defendants' records relevant to the unlawful acts and practices alleged in this Complaint are and were maintained and administered in the County of San Luis Obispo, State of California.

## FACTUAL ALLEGATIONS

9. Defendants operate a retail auto parts supply and delivery business in the City of Atascadero, County of San Luis Obispo, State of California ("Atascadero Store").

10. On or about June 10, 2021, Defendants hired Plaintiff as a part-time, auto parts delivery driver, with a starting pay rate of $15.00 per hour, to work at and out of Defendants' Atascadero Store. Plaintiff's title was "Delivery Specialist" and his duties included, among other things, delivering parts and products to Defendants' installer customers in the area, and picking up customer returns.

11. At all times relevant to this Complaint, Defendant RIOS was the store manager at Defendants' Atascadero Store, was a supervisor of Plaintiff, and was responsible for setting Plaintiff's work schedule.

12. Plaintiff is 66 years old and has terminal liver cancer. When he was diagnosed, he was informed by his oncologist that he had four to nine months to live.

3
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

However, Plaintiff embarked upon aggressive cancer treatments, including chemotherapy, and has survived with his cancer for over three years. Plaintiff continues to be treated by his oncologist, and continues his chemotherapy, but has been told in no uncertain terms that eventually he will succumb to the liver cancer.

13. Plaintiff received his cancer diagnosis with resolve, and was determined that it would not prevent him from being a productive and active member of society. Plaintiff lives alone but enjoys interacting with people. He has had a long-time interest in motor vehicles and auto repair. Plaintiff believed that a part-time delivery job with Defendants would be an excellent fit given these interests. Plaintiff believed he would do a good job for Defendants and would enjoy interacting with Defendants' auto parts customers on his deliveries.

14. Plaintiff interviewed for the delivery driver position with Elijah Tavares, a District Manager for Defendant O'REILLY AUTO ENTERPRISES. Plaintiff informed Mr. Tavares of his liver cancer diagnosis and that he was interested in only a part-time position. Mr. Tavares acknowledged this and later approved the hiring of Plaintiff. Thus, Defendant O'REILLY AUTO ENTERPRISES was aware of Plaintiff's liver cancer diagnosis and his interest in only a part-time position prior to hiring him.

15. Plaintiff's first day on the job with Defendants was June 14, 2021. He worked a shift lasting 8.23 hours, excluding a lunch period. For the next several weeks, Defendant RIOS scheduled Plaintiff to work three or four days per week in mostly 9-hour shifts, with other shifts in the 7-8 hour range. During this time period, Plaintiff thoroughly enjoyed his part-time delivery work for Defendants.

16. These long, 9-hour shifts, however, began taking a physical toll on Plaintiff, and exacerbated the pain and fatigue Plaintiff routinely experienced from his liver cancer and chemotherapy treatments. By early to mid-July of 2021, Plaintiff reached a point where physically he could not continue to work such long shifts, and he addressed this issue verbally with Defendant RIOS. However, Defendant RIOS refused to consider

4
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

reducing Plaintiff's work shifts. Plaintiff again attempted to verbally address the issue of work-shift length with Defendant RIOS, who refused to engage in any form of dialogue with Plaintiff.

17. On July 23, 2021, Plaintiff provided Defendant RIOS with a handwritten note informing Defendant RIOS of two days in early August that Plaintiff would be needing lab work and chemotherapy treatment. In addition, Plaintiff stated in the note to Defendant RIOS: "Due to my cancer disability 6 hour shifts only please." Defendant RIOS never responded to this handwritten note.

18. Plaintiff received a letter dated July 28, 2021 from Defendant O'REILLY AUTO ENTERPRISES, which stated in relevant part: "Dear Ricardo . . . On July 26, 2021 you requested a medical accommodation which you believe will enable you to perform the essential functions of your job." Thus, Defendant O'REILLY AUTO ENTERPRISES was aware of Plaintiff's request for an accommodation no later than July 26, 2021.

19. Notwithstanding the handwritten note Plaintiff provided to Defendant RIOS and the written acknowledgement of the request for an accommodation from Defendant O'REILLY AUTO ENTERPRISES, Defendant RIOS continued to schedule Plaintiff for longer shifts. Plaintiff was scheduled to work 9-hour shifts on July 23, 2021, July 24, 2021, July 31, 2021, and August 3, 2021. Due to fatigue and body pain, Plaintiff was unable to work the duration of those shifts and self-limited his work hours on those dates to protect his health. Plaintiff worked only 5.58 hours on July 23, 2021, 6.85 hours on July 24, 2021, 5.47 hours on July 30, 2021, and 5.63 hours on August 3, 2021, exclusive of lunch periods.

20. Plaintiff reiterated his request for an accommodation of a maximum 6-hour work shift on a Reasonable Accommodation Request Form provided to him by Defendant O'REILLY AUTO ENTERPRISES, which was sent by facsimile to

Defendant O'REILLY AUTO ENTERPRISES on August 10, 2021 from the office of Plaintiff's then treating Oncologist, J.T. Link, M.D ("Dr. Link").

21. Defendant RIOS, however, continued to schedule Plaintiff for 9-hour work shifts, including on August 13, 2021, August 14, 2021, and August 16, 2021. Again, due to fatigue and body pain, Plaintiff was unable to work the duration of those shifts and self-limited his work hours on those dates to protect his health. Plaintiff worked only 5.60 hours on August 13, 2021, 5.78 hours on August 14, 2021, and 6.02 hours on August 16, 2021, exclusive of lunch periods.

22. Earlier, on August 4, 2021, Dr. Link's office had issued a work restriction for Plaintiff in a letter which stated in relevant part as follows:

> Mr. Fernandez is a patient at San Luis Obispo Oncology for an active cancer. He requires monthly treatment. His cancer can cause fatigue after extended hours of activity. He is willing and able to work 6 hours in a 24 hour day. More than this is taxing to him and his recovery. Duration of treatment is unknown but anticipated to be long term. Please accommodate his disability and provide a safe working environment.

23. Dr. Link's office later sent this letter by facsimile to Defendant O'REILLY AUTO ENTERPRISES on August 19, 2021. On that same date, Marlo Sandul, who worked in the human resources department of Defendant O'REILLY AUTO ENTERPRISES, sent a return facsimile to Dr. Link's office requesting an estimated time frame for the work restriction. Dr. Link's office responded on the same date, stating that Plaintiff's work restriction was to run from August 4, 2021 to August 4, 2022.

24. Defendant RIOS, however, continued to schedule Plaintiff for 9-hour work shifts, including on August 20, 2021, August 21, 2021, August 27, 2021, and August 28, 2021. Again, due to fatigue and body pain, Plaintiff was unable to work the duration of those shifts and self-limited his work hours on those dates to protect his health. Plaintiff

worked only 5.47 hours on August 20, 2021, 5.03 hours on August 21, 2021, 5.93 hours on August 27, 2021, and 5.80 hours on August 28, 2021, exclusive of lunch periods.

25. August 28, 2021 was the last day Plaintiff worked for Defendants. On or about September 2, 2021, Defendants informed Plaintiff in writing that they would not accommodate his medical restrictions, and, effective September 1, 2021, placed Plaintiff on an involuntary, unpaid leave of absence to last one year, effectively terminating him. Plaintiff had an exemplary work record with Defendants, and received nothing but positive feedback regarding his work performance. Had Plaintiff not been effectively terminated by Defendants, he would have continued to work productively and enthusiastically for Defendants.

26. Plaintiff is informed and believes, and based thereon alleges, that it would not have created an undue hardship for Defendants to have accommodated Plaintiff's medically based work restriction by limiting his work shifts to a maximum of 6 hours. Plaintiff is informed and believes, and based thereon alleges, that Defendant O'REILLY AUTO ENTERPRISES promotes itself as one of the largest specialty retailers of automotive aftermarket parts, tools, equipment, and accessories in the United States, operates 5,740 stores in 47 states, employs over 77,500 people, and had revenue in 2020 totaling $11.6 billion.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

27. On October 27, 2021, within one year of the last date of the discrimination and retaliation alleged by Plaintiff against Defendants, Plaintiff filed an appropriate complaint with the Department of Fair Employment & Housing ("DFEH") against Defendants. The DFEH immediately issued to Plaintiff a "Right-To-Sue Notice" based on the allegations in the complaint. Accordingly, Plaintiff has fully and timely exhausted all of his administrative remedies prior to filing this lawsuit against Defendants under the California Fair Employment and Housing Act ("FEHA").

7
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## FIRST CAUSE OF ACTION

## (Discrimination – Government Code § 12940(a))

## (By Plaintiff against Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25)

28. Plaintiff incorporates by reference all preceding paragraphs as though set forth in full.

29. Government Code § 12940(a) states in relevant part: "It is an unlawful employment practice . . . [f]or an employer, because of the . . . physical disability . . . [or] medical condition . . . of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

30. Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25 were and are employers as defined under the FEHA, and employed a sufficient number of employees making them subject to the FEHA.

31. Plaintiff was an employee of Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25 as defined under the FEHA.

32. Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25 subjected Plaintiff to adverse employment actions and discriminated against him in the terms, conditions, or privileges of employment, by placing Plaintiff on an involuntary, unpaid leave of absence to last one year, effectively terminating him.

33. Plaintiff's terminal liver cancer and the symptoms associated with it, including fatigue and pain, constituted a physical disability and a medical condition as defined under the FEHA. Plaintiff's physical disability and medical condition were substantial motivating reasons for the adverse employment actions and discrimination by Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25 against Plaintiff.

34. As a direct result of the discriminatory conduct of Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25 against Plaintiff, Plaintiff has incurred and will continue to incur special and general damages, including but not limited to back pay, front pay, and emotional distress. These amounts will be proven at trial.

35. The discriminatory acts against Plaintiff were intentionally carried out by the officers, directors, or managing agents of Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25, who acted in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, thereby justifying an award of punitive damages in a sum appropriate to punish and make an example of Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25, under Civil Code § 3294.

36. Plaintiff has incurred and continues to incur attorneys' fees and costs, and seeks recovery of his attorneys' fees and costs under Government Code § 12965, in amounts to be proven at trial.

## SECOND CAUSE OF ACTION

(Failure to Prevent Discrimination – Government Code § 12940(k))

(By Plaintiff against Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25)

37. Plaintiff incorporates by reference all preceding paragraphs as though set forth in full.

38. Government Code § 12940(k) states in relevant part: "It is an unlawful employment practice . . . [f]or an employer . . . to fail to take all reasonable steps necessary to prevent discrimination . . . from occurring."

39. Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25 were and are employers as defined under the FEHA, and employed a sufficient number of employees making them subject to the FEHA.

40. Plaintiff was an employee of Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25 as defined under the FEHA.

41. Plaintiff was subjected to discrimination based on a physical disability and a medical condition in the course of his employment with Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25.

42. Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25 failed to take all reasonable steps necessary to prevent the discrimination against Plaintiff, by, among other things, allowing Defendant RIOS to continue scheduling Plaintiff for work shifts longer than his medical restriction allowed, and, subsequently placing Plaintiff on an involuntary, unpaid leave of absence to last one year, effectively terminating him.

43. As a direct result of the failure by Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25 to take all reasonable steps necessary to prevent discrimination against Plaintiff, Plaintiff has incurred and will continue to incur special and general damages, including but not limited to back pay, front pay, and emotional distress. These amounts will be proven at trial.

44. The failure to take all reasonable steps necessary to prevent discrimination against Plaintiff was intentional conduct on the part of the officers, directors, or managing agents of Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25, who acted in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, thereby justifying an award of punitive damages in a sum appropriate to punish and make an example of Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25, under Civil Code § 3294.

45. Plaintiff has incurred and continues to incur attorneys' fees and costs, and seeks recovery of his attorneys' fees and costs under Government Code § 12965, in amounts to be proven at trial.

10
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## THIRD CAUSE OF ACTION

### (Failure to Reasonably Accommodate – Government Code § 12940(m)(1))

### (By Plaintiff against Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25)

46. Plaintiff incorporates by reference all preceding paragraphs as though set forth in full.

47. Government Code § 12940(m)(1) states in relevant part: "It is an unlawful employment practice . . . [f]or an employer to fail to make reasonable accommodation for the known physical . . . disability of an . . . employee."

48. Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25 were and are employers as defined under the FEHA, and employed a sufficient number of employees making them subject to the FEHA.

49. Plaintiff was an employee of Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25 as defined under the FEHA.

50. Plaintiff's terminal liver cancer and the symptoms associated with it, including fatigue and pain, constituted a physical disability and a medical condition as defined under the FEHA.

51. Plaintiff made multiple requests for a reasonable accommodation of his physical disability and medical condition to Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25, including a request for his work shifts to be limited to a maximum of 6 hours per day. This request was supported by medical opinion from Plaintiff's health care provider, which was communicated to Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25.

52. Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25 failed to reasonably accommodate Plaintiff's physical disability and medical condition, by failing to limit his work shifts to a maximum of 6 hours per day in accordance with the work restriction imposed by Plaintiff's health care provider. This work restriction was intended

to protect Plaintiff's health in light of his terminal liver cancer and ongoing medical treatments for it.

53. Plaintiff is informed and believes, and based thereon alleges, that it would not have produced an undue hardship for Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25 to have accommodated Plaintiff's medically based work restriction by limiting his work shifts to a maximum of 6 hours.

54. As a direct result of the failure by Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25 to reasonably accommodate Plaintiff's physical disability and medical condition, Plaintiff has incurred and will continue to incur special and general damages, including but not limited to back pay, front pay, and emotional distress. These amounts will be proven at trial.

55. The failure to reasonably accommodate Plaintiff's physical disability and medical condition was intentionally carried out by the officers, directors, or managing agents of Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25, who acted in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, thereby justifying an award of punitive damages in a sum appropriate to punish and make an example of Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25, under Civil Code § 3294.

56. Plaintiff has incurred and continues to incur attorneys' fees and costs, and seeks recovery of his attorneys' fees and costs under Government Code § 12965, in amounts to be proven at trial.

///
///
///
///

## FOURTH CAUSE OF ACTION

### (Retaliation – Government Code § 12940(m)(2))

### (By Plaintiff against Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25)

57. Plaintiff incorporates by reference all preceding paragraphs as though set forth in full.

58. Government Code § 12940(m)(2) states in relevant part: "It is an unlawful employment practice ... [f]or an employer ... to ... retaliate or otherwise discriminate against a person for requesting accommodation ... regardless of whether the request was granted."

59. Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25 were and are employers as defined under the FEHA, and employed a sufficient number of employees making them subject to the FEHA.

60. Plaintiff was an employee of Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25 as defined under the FEHA.

61. Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25 retaliated against Plaintiff by placing Plaintiff on an involuntary, unpaid leave of absence to last one year, effectively terminating him, after he had requested an accommodation of a maximum 6-hour work shift per day, which was supported by medical opinion from Plaintiff's health care provider.

62. As a direct result of the retaliation by Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25, Plaintiff has incurred and will continue to incur special and general damages, including but not limited to back pay, front pay, and emotional distress. These amounts will be proven at trial.

63. The retaliation was intentionally carried out by the officers, directors, or managing agents of Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25, who acted in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and

inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, thereby justifying an award of punitive damages in a sum appropriate to punish and make an example of Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25, under Civil Code § 3294.

64. Plaintiff has incurred and continues to incur attorneys' fees and costs, and seeks recovery of his attorneys' fees and costs under Government Code § 12965, in amounts to be proven at trial.

## FIFTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

### (By Plaintiff against Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25)

65. Plaintiff incorporates by reference all preceding paragraphs as though set forth in full.

66. It is a fundamental public policy of the State of California that inures to the benefit of all California employees that they shall be free from discrimination based on physical disability or medical condition, and shall be free from retaliation if they request accommodation for their physical disabilities or medical conditions.

67. This fundamental public policy is grounded in statutory provisions in the FEHA, including but not limited to Government Code § 12940(a), which states in relevant part: "It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of . . . physical disability . . . [or] medical condition[,]" and Government Code §§ 12940(k), 12940(m)(1), and 12940(m)(2).

68. Plaintiff was employed by Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25 and was entitled to receive the benefit of this fundamental public policy.

14
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

69. Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25 had a duty to comply with this fundamental public policy.

70. Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25 failed to comply with and disparaged this fundamental public policy by discriminating against Plaintiff based on his physical disability and medical condition, based on their failure to reasonably accommodate Plaintiff by limiting his work shifts to a maximum of 6 hours, and, also, by effectively terminating Plaintiff by placing him on an involuntary, unpaid leave of absence to last one year, after he had requested reasonable accommodation for his physical disability and medical condition. This constituted a wrongful termination in violation of public policy.

71. As a direct result of the wrongful termination in violation of public policy by Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25, Plaintiff has incurred and will continue to incur special and general damages, including but not limited to back pay, front pay, and emotional distress. These amounts will be proven at trial.

72. The wrongful termination in violation of public policy was intentionally carried out by the officers, directors, or managing agents of Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25, who acted in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, thereby justifying an award of punitive damages in a sum appropriate to punish and make an example of Defendant O'REILLY AUTO ENTERPRISES and DOES 1 to 25, under Civil Code § 3294.

### SIXTH CAUSE OF ACTION
**(Unfair Business Practices - Business & Professions Code §§ 17200, *et seq.*)**
**(By Plaintiff against all Defendants)**

73. Plaintiff incorporates by reference all preceding paragraphs as though set forth in full.

15
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

74. Plaintiff brings this action for himself and on behalf of the People of the State of California under the provisions of Business & Professions Code §§ 17200 *et seq*. Among the persons adversely affected by the unfair business practices of Defendants as alleged in this Complaint are all present or former employees of Defendants, including Plaintiff, who were or are being discriminated against based on a physical disability or medical condition, or who were or are being retaliated against for having requested accommodations for their physical disabilities or medical conditions.

75. Business & Professions Code §§ 17200 states in relevant part: "As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice . . . ." Business & Professions Code §§ 17203 states in relevant part: "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction." Business & Professions Code § 17201 states: "As used in this chapter, the term person shall mean and include natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons."

76. A representative action under Business & Professions Code §§ 17200 *et seq*. on behalf of the general public is appropriate and necessary because Defendants did not comply with the FEHA and the fundamental public policies underlying it, as alleged in this Complaint, which may result in further discriminatory and retaliatory conduct by Defendants to the detriment of their former, present, and future employees, and to the general public, if Defendants are not enjoined from engaging in such conduct and compelled to make appropriate restitution.

77. Based on the allegations in this Complaint, Defendants have violated at least the following California laws:

   a. Government Code § 12940(a) by discriminating against Plaintiff based on a physical disability or medical condition;

b. Government Code § 12940(k) by failing to prevent discrimination against Plaintiff based on a physical disability or medical condition;

c. Government Code § 12940(m)(1) by failing to reasonably accommodate Plaintiff's physical disability and medical condition; and

d. Government Code § 12940(m)(2) by retaliating against Plaintiff after he requested an accommodation for his physical disability and medical condition.

78. Defendants' acts and omissions alleged in this Complaint constitute unfair and unlawful business practices in violation of Business & Professions Code §§ 17200 *et seq.* because Defendants' business practices violated the above noted laws, or violated an established public policy, or the practices are immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff and other current and former employees, and the public.

79. As a direct result of Defendants' discriminatory and retaliatory conduct as alleged in this Complaint, Plaintiff and current and former employees of Defendants have been damaged.

80. Under Business & Professions Code §§ 17200 *et seq.* and applicable law, Plaintiff and current and former employees of Defendants are entitled to restitution for the financial harm they have sustained due to Defendants' unfair and unlawful business practices. These amounts will be proven at trial.

81. Under Business & Professions Code § 17203, Plaintiff seeks on his own behalf and on behalf of the People of the State of California an order enjoining Defendants from continuing their unlawful business practices alleged in this Complaint. Injunctive relief is appropriate to avoid a multiplicity of lawsuits for Defendants' continuing violations of Business & Professions Code §§ 17200 *et seq.*

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For general, special, pecuniary, and punitive damages for Defendants' discriminatory acts in violation of Government Code § 12940(a);
2. For general, special, pecuniary, and punitive damages for Defendants' discriminatory acts in violation of Government Code § 12940(k);
3. For general, special, pecuniary, and punitive damages for Defendants' discriminatory acts in violation of Government Code § 12940(m)(1);
4. For general, special, pecuniary, and punitive damages for Defendants' retaliatory acts in violation of Government Code § 12940(m)(2);
5. For an award of attorneys' fees and costs under Government Code § 12965 in prosecuting Plaintiff's claims against Defendants for their discriminatory and retaliatory acts;
6. For general, special, pecuniary, and punitive damages based on Defendants' wrongful termination of Plaintiff in violation of public policy;
7. For restitution of full amounts under Business & Professions Code §§ 17200 *et seq.*;
8. For an order under Business & Professions Code § 17203 enjoining Defendants from continuing to engage in the unlawful and unfair business practices alleged in this Complaint; and
9. For such other relief as the Court deems just and proper.

Dated: December 1, 2021                              HUTKIN LAW FIRM, APC

By: _____
Allen K. Hutkin
Donald L. Mabry
*Attorneys for Plaintiff*